IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TRAVIS WOODRUFF, JR.                                                                    PLAINTIFF

vs.                                         Civil No. 2:20-cv-02200

COMMISSIONER, SOCIAL                                                                    DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Travis Woodruff, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 4.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his disability application on August 1, 2018. (Tr. 10). In this application, Plaintiff alleges being disabled due to left knee pain, right knee pain, neck pain, carpal tunnel syndrome in his right arm, dyslexia, diarrhea, and Barrett's esophagus. (Tr. 234). Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 15. These references are to the page number of the transcript itself not the ECF page number.

alleges an onset date of July 1, 2015. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 91-133).

On June 8, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 7-23). The ALJ determined Plaintiff last met the insured status requirements of the Act on December 31, 2019. (Tr. 12, Finding 1). The ALJ determined Plaintiff did not engage in Substantial Gainful Activity ("SGA") during the period from his alleged disability onset date, July 1, 2015, through his date last insured or through December 31, 2019. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: osteoarthritis and degenerative disc disease of the cervical spine, status post-three surgeries; degenerative disc disease and scoliosis of the thoracic and lumbar spines; left ulnar sensory mononeuropathy; hyperthyroidism; insomnia; obstructive sleep apnea periodic limb movement disorder; and a history of bilateral knee surgeries and bilateral cubital and carpal tunnel surgeries. (Tr. 13-14, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-16, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 16-21, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he could occasionally climb ramps and stairs but could never climb ladders, ropes, or scaffolds. The claimant could occasionally balance, stoop, kneel, crouch, and crawl. He could occasionally reach overhead and perform overhead work bilaterally. The claimant

could frequently, but not constantly, reach in all other directions, and could frequently, but not constantly, handle and finger bilaterally. He had to avoid concentrated exposure to temperature extreme, humidity, and hazards, including no driving as part of work.

*Id.*

The ALJ found Plaintiff was forty-nine (49) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008), on his alleged disability onset date. (Tr. 21, Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 21, Finding 8).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found that, through his date last insured, Plaintiff was unable to perform any of his PRW. (Tr. 21, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 22-23, Finding 10). Plaintiff and the VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform work as a Cashier II (light, unskilled) with 800,000 such jobs in the national economy; marker (light, unskilled) with 300,000 such jobs in the national economy; and furniture retail clerk (light, unskilled) with 50,000 such jobs in the national economy. (Tr. 22). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, at any time from July 1, 2015 (alleged onset date) through December 31, 2019 (date last insured). (Tr. 23, Finding 11).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On September 30, 2020, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-3). On November 4, 2020, Plaintiff filed the present appeal. ECF

No. 1. The Parties consented to the jurisdiction of this Court on November 10, 2020. ECF No. 4. This case is now ready for decision.

2.      **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

4

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff raises two arguments for reversal: (1) the ALJ's RFC determination is not supported by substantial evidence in the record; and (2) the ALJ's Step Five determination is not supported by substantial evidence in the record. ECF No. 17 at 1-20. Because the Court finds the ALJ erred in assessing his subjective complaints, the Court will only address Plaintiff's first argument for reversal.

The Court notes that in assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or

4

from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ did not provide sufficient reasons for discounting Plaintiff's subjective complaints. In his opinion, the ALJ summarized Plaintiff's medical records and discounted those subjective complaints based upon the medical records. Specifically, the ALJ explained his reasoning as follows:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with *the medical evidence and other evidence in the record for the reasons explained in this decision.* As for the claimant's statements about the intensity, persistence, and limiting effects of his or her symptoms, they are inconsistent *because the evidence of record does not rise to the level of the limitations alleged. While there are some functional deficits caused by his impairments, the longitudinal evidence demonstrates that he experienced improvement in his symptoms with ongoing treatments such as medications and physical therapy as well as surgeries.*

(Tr. 17) (emphasis added).

Indeed, even though the ALJ referenced "other evidence in the record," the ALJ did not explain what "other evidence" detracted from his subjective complaints. Because the ALJ supplied insufficient reasons for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's RFC determination and credibility analysis are not supported by substantial evidence in the record. As such, this case is reversed and

remanded for further findings consistent with this opinion. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of July 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE